Rhonda R. Trotter (SBN 169241)
rhonda.trotter@arnoldporter.com
Alex Beroukhim (SBN 220722)
alex.beroukhim@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199

*Attorneys for Sanofi US Services Inc. and Chattem, Inc.*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE BOYADJIAN, individually and on behalf of the estate of SALIBA BOYADJIAN,<br><br>                         Plaintiffs,<br><br>         v.<br><br>GLAXOSMITHKLINE, LLC, a Delaware company; BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., a Delaware corporation; SANOFI US SERVICES INC., a Delaware corporation; CHATTEM, INC., a Tennessee corporation; PFIZER, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                         Defendants. | Case No. 2:21-cv-09378<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>**DEMAND FOR JURY TRIAL** |

NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants GlaxoSmithKline, LLC, Boehringer Ingelheim Pharmaceuticals, Inc., Sanofi US Services Inc., Chattem, Inc., and Pfizer Inc. (collectively, "Defendants") hereby give notice of removal of this action, *Boyadjian v. GlaxoSmithKline, LLC*, Case No. 21STCV32966, from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California (Western Division).  As further support for removal, Defendants state the following:

## **INTRODUCTION**

1.     This action is one of many related lawsuits filed against the manufacturers of Zantac (ranitidine) relating to cancers allegedly caused by the drug.  On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of NDMA [N-nitrosodimethylamine] formed from Zantac."  *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020).  The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary."  *Id.*  To date, more than 2,000 actions have been transferred to the Zantac MDL, with more (including this action) surely to follow.

2.     Jurisdiction is proper here because there is complete diversity of citizenship between Plaintiff and all Defendants—none of which is a citizen of California.

**BACKGROUND**

3.    On September 7, 2021, Plaintiff filed this product liability action in the Superior Court of the State of California in and for Los Angeles County against the manufacturers of Zantac.  *See generally* Compl. (**Exhibit A**).

4.    The thrust of this Complaint—like those already pending in the MDL— is that Plaintiff's husband allegedly ingested Zantac, and as a result, developed cancer and died.  *Id.* ¶¶ 1–2, 9.

5.    The Complaint alleges eight causes of action:  (1) strict products liability (failure to warn); (2) strict products liability (design defect); (3) negligence (misrepresentation); (4) fraudulent concealment; (5) negligent manufacturing; (6) negligence; (7) wrongful death; and (8) survival action.  *Id.* ¶¶ 114–171.

**VENUE AND JURISDICTION**

6.    Defendants remove this action on the basis of diversity jurisdiction, *see* 28 U.S.C. §§ 1332, 1441, and 1446.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because:  (1) there is complete diversity between Plaintiff and all Defendants; (2) the amount-in-controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

7.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441(a), and 1446(a) because the Superior Court of the State of California for the County of Los Angeles, where the Complaint was filed, is the state court within the Central District of California.

**BASIS FOR REMOVAL**

**I.    There Is Complete Diversity Between Plaintiff and All Defendants.**

8.    There is complete diversity of citizenship here because Plaintiff is a California citizen, and all Defendants are citizens of states other than California.

9.    Plaintiff Marlene Boyadjian resides in Los Angeles County.  Compl. ¶ 9. For diversity purposes, state citizenship requires the individual be domiciled in that state.  *See Kantor v, Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

- 3 -

A party's "place of residence is prima facie evidence of domicile." *Angelic Cuevas v. Lowes Home Ctrs., LLC*, No. 20-CV-2755, 2020 WL 6439174, at *3 (C.D. Cal. Aug. 5, 2020) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Therefore, Plaintiff is a citizen of California.

10.    For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A limited liability company "is a citizen of every state in which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

11.    Defendant GlaxoSmithKline, LLC is a limited liability company organized under the laws of Delaware.  Compl. ¶ 25.  Its sole member is GlaxoSmithKline Holdings (America) Inc., *id.*, a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware.  *See* Attachment to Corp. Disclosure Statement, *In re Zantac (Ranitidine) Prods. Liab. Litig*, MDL No. 2924 (J.P.M.L. Nov. 23, 2021), Dkt. 940.  GlaxoSmithKline, LLC is, therefore, a citizen of Delaware.

12.    Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York.  Compl. ¶ 27.  Pfizer Inc. is, therefore, a citizen of Delaware and New York.

13.    Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut.  Compl. ¶ 28.  Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

14.    Defendant Sanofi US Services Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey.  *Id.* ¶ 29.  Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

NOTICE OF REMOVAL

15.   Defendant Chattem, Inc. is a corporation organized under the laws of Tennessee with its principal place of business in Chattanooga, Tennessee. *Id.* ¶ 30. Chattem, Inc. is, therefore, a citizen of Tennessee.

16.   Defendants Does 1 through 50 are sued under "fictitious names." *Id.* ¶ 15. Their citizenship must be ignored for purposes of determining the propriety of removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

17.   Because Plaintiff is a citizen of California and Defendants are citizens of states other than California, complete diversity exists between Plaintiff and all Defendants. *See* 28 U.S.C. §§ 1332, 1441.

## II.   The Amount-in-Controversy Requirement Is Satisfied.

18.   Plaintiff's claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

19.   "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

20.   California Code of Civil Procedure Section 425.10(b) prevents a plaintiff from stating a specific damage claim in a personal injury action.

21.   Where a complaint does not allege a specific amount of damages, "the Court must first consider 'whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.'" *Mobasser v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02567-DMG-CW, 2013 WL 12142942, at *2 (C.D. Cal. June 13, 2013) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *see also Campbell v. Bridgestone/Firestone, Inc.*, No. 05-CV-01499-FVS-DLB, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (apparent from complaint that amount in controversy met where plaintiffs asserted strict products liability, negligence, and breach of warranty claims against multiple defendants and sought compensatory

- 5 -

damages, hospital and medical expenses, general damages, and loss of earning capacity).

22. Courts regularly find that the amount-in-controversy requirement has been satisfied where, as here, a plaintiff alleges "specific details that reflect the nature of the injuries and treatment." *Barakat v. Costco Wholesale Corp.*, No. 2020 WL 3635933, at *5 (N.D. Cal. July 6, 2020). *See also Moore v. CVS Health Corp.*, No. EDCV 17–888 JGB, 2017 WL 2999021, at *2 (C.D. Cal. July 14, 2017) (amount-in-controversy "reasonably apparent" due to severity and specificity of plaintiff's alleged injuries and damages resulting from being prescribed an inappropriate dosage of medicine). Moreover, California courts have awarded compensatory and punitive damages in excess of $75,000 in products liability cases where such injuries are alleged. *See, e.g.*, *Karlsson v. Ford Motor Co.*, 45 Cal. Rptr. 3d 265, 268 (Ct. App. 2006); *Jones v. John Crane, Inc.*, 35 Cal. Rptr. 3d 144, 148-49 (Ct. App. 2005).

23. Here, the Complaint includes eight causes of action, and alleges that decedent "was diagnosed with stomach cancer and after tremendous pain, suffering, and disability, subsequently died" as a result of his use of Zantac. Compl. ¶ 9. It further asserts that the "Decedent and/or Plaintiffs [*sic*] developed serious and dangerous side effects including stomach cancer, related sequelae, physical pain and suffering, mental anguish and loss of enjoyment of life." *Id.* ¶ 23. Plaintiff further seeks "economic losses and special damages, including but not limited to, loss of earning and medical expenses" that are in "excess of the jurisdictional limits of the Court." *Id.*

24. Courts have found that allegations of serious injury in product liability actions, including allegations of cancer and death like those Plaintiff makes here, support an inference that the amount-in-controversy requirement has been met. Indeed, in another Zantac case in which the plaintiff claimed kidney cancer as an injury, a federal court in the District of Nevada denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on

the face of the complaint by the nature of the injury.  *See Brooks v. Sanofi S.A.*, No. 20-CV-565-JCM-EJY, 2020 WL 1847682 (D. Nev. Apr. 13, 2020).

25.   Finally, in the thousands of personal injury cases pending in the Zantac MDL, each plaintiff either expressly claims damages in excess of $75,000 or has impliedly done so by filing a lawsuit in federal court and invoking federal diversity jurisdiction.  Numerous plaintiffs in these cases allege that they have been diagnosed with stomach cancer, similar to Plaintiff's claim here.   *See, e.g.*, *Trapani v. Boehringer Ingelheim Pharm., Inc.*, No. 20-CV-80397 (S.D. Fla.); *Dougherty v. Boehringer Ingelheim Pharm., Inc.*, No. 20-CV-80978 (S.D. Fla.).   Although Defendants deny that Plaintiff is entitled to any damages, like those cases, this case meets the requirements for federal diversity jurisdiction.

26.   Based on Plaintiff's allegations, the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

**III.   Procedural Requirements of Removal Are Satisfied.**

27.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

28.   Sanofi US Services Inc. and Chattem, Inc. were served with the Complaint on November 5, 2021.

29.   GlaxoSmithKline, LLC was served with the Complaint on November 4, 2021.

30.   Boehringer Ingelheim Pharmaceuticals, Inc. was served with the Complaint on November 5, 2021.

31.   Pfizer Inc. was served with the Complaint on November 5, 2021.

32.   All Defendants join in and consent to this removal.   28 U.S.C. § 1446(b)(2)(A).

33.   The unidentified defendants Does 1-50 are not required to consent to removal.  *See Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70, 72 (9th Cir. 2010) (nominal parties are not required to consent to removal).

34.   Defendants are providing Plaintiff with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

35.   Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

36.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to Defendants at the time of filing this Notice—are attached hereto as **Exhibit A**.

37.   If any question arises regarding the propriety of the removal of this action, Defendants respectfully requests the opportunity to present a brief and be heard at oral argument in support of removal.

38.   No previous application has been made for the relief requested herein.

**IV.   Demand for Jury Trial**

39.   Defendants hereby demand a separate jury trial on all claims and issues so triable.

WHEREFORE, Defendants give notice that the matter bearing Case No. 21STCV32966 pending in the Superior Court of the State of California for the County of Los Angeles is removed to the United States District Court for the Central District of California (Western Division), and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated:  December 3, 2021                         Respectfully submitted,

By:  */s/ Alex Beroukhim*
     Rhonda R. Trotter (SBN 169241)
     Alex Beroukhim (SBN 220722)
     **ARNOLD & PORTER KAYE
     SCHOLER LLP**
     777 South Figueroa Street, 44th Floor

- 8 -

Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile:  (213) 243-4199
rhonda.trotter@arnoldporter.com
alex.beroukhim@arnoldporter.com

*Attorneys for Sanofi US Services Inc. and Chattem, Inc.*

By:  */s/ Jonathan Tam*
   Jonathan Tam (SBN 304143)
   **DECHERT LLP**
   One Bush Street, Suite 1600
   San Francisco, CA  94104-4446
   Telephone: (415) 262-4500
   Facsimile:  (415) 262-4555
   jonathan.tam@dechert.com

   *Attorneys for Defendant GlaxoSmithKline LLC*

By:  */s/ Jessica Rydstrom*
   Jessica B. Rydstrom (SBN 256600)
   **WILLIAMS & CONNOLLY LLP**
   725 12th Street NW
   Washington, DC 20005
   Telephone: (202) 434-5000
   Facsimile:  (202) 434-5029
   jrydstrom@wc.com

   *Attorney for Defendant Pfizer Inc.*

By:  */s/ Matthew Blaschke*
   Matthew J. Blaschke (SBN 281938)
   **KING & SPALDING LLP**
   50 California Street, Suite 3300
   San Francisco, CA 94111
   Telephone: (415) 318-1212
   Facsimile: (415) 318-1300
   mblaschke@kslaw.com

- 9 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Boehringer Ingelheim
Pharmaceuticals, Inc.*

NOTICE OF REMOVAL